IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

FILED
MAR 19 2012

**ACADIA INSURANCE COMPANY**                                    **PLAINTIFF**

VS.                                         CIVIL ACTION NO. 3:12CV188 CWR-LRA

**HINDS COUNTY SCHOOL DISTRICT,**
**AND BRYANT AND JOHNNA COWARD,**
**ON BEHALF OF M.L.C. A MINOR**                                 **DEFENDANTS**

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Acadia Insurance Company, by and through its attorneys, and brings this action for declaratory judgment, and for cause of action would respectfully show unto the Court the following:

### NATURE OF THE CASE

1.

This is an action for Declaratory Judgment pursuant to Rule 57, Fed. R. Civ. P., for the purpose of determining questions of actual controversy between the parties. This Complaint is filed under the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*, and involves an actual, real and substantial controversy, justiciable in character, touching the legal relationships of the parties having adverse legal interests, admitting of specific relief through a decree conclusive in character involving the respective rights, duties and liabilities of the parties under commercial general liability policies of insurance.

## PARTIES

2.

Plaintiff, Acadia, is a New Hampshire corporation, organized and existing under the laws of the State of New Hampshire, with its principal place of business located in Maine.

3.

Defendant, Hinds County School District (hereinafter sometimes referred to as the "School District"), is a school district in the political subdivision of Hinds County, Mississippi. Defendant may be served with process through its superintendent, Stephen L. Handley, Ed.D., 13192 Highway 18, Raymond, MS 39154.

4.

Defendants, Bryant and Johnna Coward, for and on behalf of M.L.C. a minor, are residents of Hinds County, Mississippi and may be served with service of process at 3025 Kimbell Road, Terry, Mississippi 39170-9447.

## VENUE

5.

The subject insurance policies were issued to the School District, which is a school district located in the political subdivision of Hinds County, Mississippi, which is in the Jackson Division of the Southern District of Mississippi. Therefore, venue is proper in this Court.

## JURISDICTION

6.

There is diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy Five Thousand Dollars ($75,000.00). 28 U.S.C. §1332.

## FACTUAL BACKGROUND

7.

From July 1, 2007 through July 1, 2009, the School District had in effect Acadia policy numbers CNA 4235393-11 and CNA 4235393-12 issued by Acadia. A true and correct certified copy of the subject policies are attached hereto and labeled, "Exhibit A", and the policies' terms and conditions are incorporated herein by reference as if copied herein in full.

8.

On or about June 17, 2010, the Cowards, on behalf of M.L.C., filed a Complaint against the School District in the Circuit Court of Hinds County, Mississippi. A copy of the Complaint (hereinafter referred to as the "Underlying Complaint") is attached hereto and labeled "Exhibit B." The allegations of the Underlying Complaint are incorporated herein by reference as if copied herein in full.

9.

In the Underlying Complaint, the Cowards alleged that M.L.C. was physically abused and the victim of assault and battery. The Cowards also assert the following claims against the School District: civil conspiracy, negligent hiring, retention and supervision, negligent infliction of emotional distress, intentional infliction of emotional distress, negligent misrepresentation and other

tortious conduct under Mississippi law. Specifically, the Cowards allege that M.L.C. was abused by school personnel in the following ways: foul language was used in front of M.L.C., M.L.C. was sprayed with body spray, a ball was thrown at M.L.C. and hit her in the face, M.L.C.'s face was grabbed and abusive language was directed at her and M.L.C. was dropped.

10.

As a result of the lawsuit, the School District asserted a claim for insurance benefits, including defense and indemnity, for the Coward's allegations. Acadia is providing the School District with a defense of the Underlying Complaint under a full reservation of its rights to withdraw the defense.

11.

Acadia has investigated the claims in accordance with the terms of the subject policies and has determined that the School District is not owed a defense or indemnity under the terms of the policies.

12.

Acadia asserts that coverage is not provided under the subject policies for the underlying claims, because: (1) the Underlying Complaint does not allege "bodily injury" as defined in the policies; (2) the Underlying Complaint does not allege an "occurrence" as defined in the policies and as governed by Mississippi law; and (3) the allegations of the Underlying Complaint are excluded by the "expected or intended injury" and/or the "abuse or molestation exclusion." In the event the Court disagrees, Acadia asserts that there is only limited coverage for the allegation that M.L.C. was dropped onto the floor.

13.

There may be other policy provisions and exclusions in addition to those set forth hereinabove that may apply and preclude coverage.

14.

Acadia has no adequate remedy at law or in equity other than this action to have its rights, duties, and responsibilities to the Defendant, Hinds County School District, determined. Otherwise, it may be harassed by other and further litigation and suffer irreparable damage. Defendant, Hinds County School District, is a named insured under Acadia's policies and has an interest in the declaration of Acadia's rights and obligations under the policies. The other Defendants herein are parties whose interests may be directly or indirectly affected by the determination of the issues herein.

15.

An actual and bona fide dispute has arisen as to the responsibilities of Acadia under the contracts of insurance described herein, and Acadia desires to avail itself of the provisions of Rule 57, Fed. R. Civ. P. to resolve all disputes and to avoid a multiplicity of actions.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Acadia Insurance Company, respectfully prays that, after due proceedings are had, this Court will enter a judgment declaring:

(a) that Acadia has no duty to defend the Defendant, Hinds County School District, with regard to the claims asserted in the Underlying Complaint;

(b) that Acadia has no duty to pay or indemnify the Hinds County School District in the event an adverse judgment is rendered against it with regard to the Underlying Complaint;

(c) that Defendants herein be restrained from instituting and prosecuting further litigation at law or in equity in any other court concerning the above-described coverage issues pending a final determination of this cause in this Court;

(d) that Acadia policy numbers CNA 4235393-11 and CNA 4235393-12 do not provide coverage for the claims alleged against Defendant, Hinds County School District, or any other Defendant named herein;

(e) that Acadia be granted other and further relief as the Court may deem just and proper.

THIS the 19 day of March, 2012.

Respectfully submitted,

ACADIA INSURANCE COMPANY

By: _____
Robert P. Thompson (MSB#8188)
James D. Boone (MSB#102377)
ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

**COPELAND, COOK, TAYLOR AND BUSH, P.A.**
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone No.: (601) 856-7200
Facsimile No.: (601) 353-6235