**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **ACADIA INSURANCE COMPANY** | **PLAINTIFF** |
| v. | **CAUSE NO. 3:12-CV-188-CWR-LRA** |
| **HINDS COUNTY SCHOOL DISTRICT;** **BRYANT AND JOHNNA COWARD,** *for and on behalf of M.L.C., a minor* | **DEFENDANTS** |

*consolidated with*

| | |
|---|---|
| **BRYANT AND JOHNNA COWARD,** *for and on behalf of M.L.C., a minor* | **PLAINTIFFS** |
| v. | **CAUSE NO. 3:12-CV-332-CWR-LRA** |
| **HINDS COUNTY SCHOOL DISTRICT;** **ACE AMERICAN INSURANCE COMPANY** | **DEFENDANTS** |

*consolidated with*

| | |
|---|---|
| **BRYANT AND JOHNNA COWARD,** *for and on behalf of M.L.C., a minor* | **PLAINTIFFS** |
| v. | **CAUSE NO. 3:12-CV-731-CWR-LRA** |
| **HINDS COUNTY SCHOOL DISTRICT;** **GARY ROAD INTERMEDIATE SCHOOL; STEPHEN L. HANDLEY,** *individually and in his official capacity as Superintendent of Hinds County School District*; **KIMBERLY DAVENPORT,** *individually and in her official capacity as Principal of Gary Road Intermediate School*; **JOHN AND JANE DOES I-X** | **DEFENDANTS** |

## **ORDER**

Before the Court are a variety of motions. Each will be considered in turn.

Bryant and Johnna Coward first argue that the Court should reconsider its earlier ruling and accept additional briefing as to why their state law claims survive, notwithstanding their

failure to make these arguments when their state law claims were challenged, considered, and dismissed. Docket No. 114. Under Fifth Circuit precedent, though, "[a] party who inadequately briefs an issue is considered to have abandoned the claim." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) (citation omitted). Given this law, the motion must be denied.[1]

Next, the Cowards have moved for leave to file a second amended complaint. Docket Nos. 115, 121. Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely" give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2).

> However, [leave to amend] is by no means automatic. . . . In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.

*Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation marks and citations omitted).

The Court is not persuaded that leave to amend is appropriate here. The Cowards bet that their opposition arguments would be successful and declined to file a conditional motion for leave to amend complete with a proposed second amended complaint. They also chose not to brief a substantive defense of their state law claims when it was appropriate to do so. The Cowards then chose not to seek leave to amend in the period of time between their response and the Court's ruling, instead adopting the "wait and see" approach to civil litigation. On this record, the Court thinks it too late to seek a third bite at the apple. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) ("It appears from the record, however, that instead of moving for leave to file a Fourth Amended Complaint, Alpert Group chose to stand by its Third Amended Complaint and risk an adverse ruling from the district court.").

---

[1] This renders moot the School District's motion to strike, Docket No. 125.

Finally, Hinds County School District (HCSD) has moved for reconsideration of the Court's earlier ruling. Docket No. 117. It claims it moved for judgment on the pleadings on the Cowards' *Monell* claim, but that the Court neglected to rule on the argument. HCSD is correct.

HCSD's memorandum in support of judgment on the pleadings argued that the Cowards did "not set forth specific facts that demonstrate any long-standing official custom or policy created by the School District that violates the constitution." Docket No. 32, at 26. The Cowards' response brief failed to respond to the argument: it did not once mention the words "policy," "custom," "practice," or "*Monell*." Docket No. 56. The failure to respond to the argument constituted abandonment of the claim. *See Cinel*, 15 F.3d at 1345; *see also Sanders v. Sailormen, Inc.*, No. 3:10-CV-606-CWR-LRA, 2012 WL 663021, at *3 & n.30 (S.D. Miss. Feb. 28, 2012) ("Failure to address a claim results in the abandonment thereof.") (collecting cases), *aff'd*, 506 F. App'x 303 (5th Cir. 2013); *Dean v. One Life Am., Inc.*, No. 4:11-CV-203-CWR-LRA, 2013 WL 870352, at *2 (S.D. Miss. Mar. 7, 2013) (holding that by failing to address the defendant's argument in her response, the plaintiff abandoned her claim).

Accordingly, HCSD's motion to reconsider is granted and the Cowards' § 1983 claim of municipal liability is dismissed.

**SO ORDERED**, this the 13th day of March, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE